Joseph S. **KURTZ**, Petitioner-Appellant,

v.

Melvin **LAIRD**, Secretary of Defense, et al., Respondents-Appellees.

No. 71–2277.

United States Court of Appeals, Fifth Circuit.

March 7, 1972.

Leonard J. Schwartz, Patrick D. Burke, Rigely, Schwartz, Fagan & Burke, Inc., San Antonio, Tex., for petitioner-appellant.

Seagal V. Wheatley, U. S. Atty., Henry Valdespino, Asst. U. S. Atty., San Antonio, Tex., William S. Sessions, U. S. Atty., Western District of Texas, San Antonio, Tex., for respondents-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

PER CURIAM:

Four months after entering the service, Kurtz filed an application for discharge from the Army as a conscientious objector, pursuant to the applicable Army Regulation.[1] Both the chaplain

and the hearing officer found Kurtz's beliefs to be sincerely held but recommended that his application be disapproved. Subsequently, the Army Conscientious Review Board denied Kurtz's application. The district court denied habeas relief to Kurtz, holding that there was a basis in fact for the Board's decision. We reverse.

██ The jurisprudence in conscientious objector cases is now too well settled to need elaboration. Our scope of review is the "narrowest known to law." Matyastik v. United States, 5 Cir. 1968, 392 F.2d 657. We do not sit as super draft boards or as a super conscientious objector review board, Kessler v. United States, 5 Cir. 1969, 406 F.2d 151. "The question of jurisdiction of the local board is reached only if there is no basis in fact for the classification which it gave the registrant." Estep v. United States, 1946, 327 U.S. 114, 122–123, 66 S.Ct. 423, 427, 90 L.Ed. 567.

Within the narrow confines established for our review we first look to the reasons assigned by the Board for the denial of Kurtz's application. The Board found that:

* * * a change must be shown within the application. Additionally a statement of the time that crystallization of these professed views became fixed within the mind of the individual must be stated within the application. Pvt. Kurtz * * * has stated no change at all. In addition to the omitted elements * * * the interviewing chaplain * * * states * * * "I believe that Pvt. Kurtz's system of beliefs as they stand now are sincere. However, I do not personally feel that this philosophy was really finalized *until after the individual had entered* active military service. Even though I feel the individual is sincere in his beliefs, I do not feel that he has sufficient grounds for discharge from military service as a

---

1.  AR 635–20 provides *inter alia:*
    Consideration will be given requests for separation based on bona fide conscientious objection to participation in war, in

    any form, when such objection develops subsequent to entry into the military service.

conscientious objector. I feel he could be of service to the United States Army in a non-combatant capacity." For the above stated reasons the Board finds that the applicant lacks the depth of conviction required to qualify for a discharge as a conscientious objector. (Emphasis supplied)

We confess that we are unable to comprehend the meaning of what the Board said. As we read Kurtz's application, it seems perfectly clear that his conscientious objection to participation in war crystallized after he entered the service. The interviewing chaplain, upon whom the Board relied, also found this to be the fact. He added that Kurtz was sincere, but for some unfathomable reason opined that Kurtz did not have sufficient grounds for a discharge. The Board then, "for the above stated reasons" (the application showed no change of professed views, the chaplain found a finalization of views after Kurtz entered the service, Kurtz was sincere) found that Kurtz "lacks the depth of conviction required * * *."

The Board's conclusion does not fit the premise upon which it is based. Furthermore, in this case we can ascribe no other meaning to the phrase "lacks the depth of conviction required," [2] than that Kurtz lacks sincerity. We find no basis in fact in the record to support a conclusion of insincerity.[3]

Reversed and remanded with directions to grant the Writ of Habeas Corpus.

2. This phrase was apparently coined in Jennings v. Laird, W.D.Texas 1971, 333 F.Supp. 335, as a parallel to sincerity in a *Welsh* type case.

3. It is not inappropriate for us to once again emphasize the importance of clear and concise Board conclusions based upon a factual record. In pointing out that the phrase "lacks the depth of conviction required" is a nebulous concept, the same trial judge who tried this case in a subsequent case said, "In the countless petitions to lately come before this Court, it becomes increasingly apparent that the Board is using this statement as a 'catch-all' or 'rubber stamp' to deny applications." Quamina v. Secretary of Defense, W.D.Texas 1971, No. SA 71–CA–155.